KAVANAUGH, Circuit Judge,
dissenting:
I respectfully dissent. I agree with District Court Judge Kollar-Kotelly’s thorough and persuasive opinion denying Sims’ motion for declaratory judgment. See Sims v. Johnson, No. 97-570, 2006 WL 949917 (D.D.C. Apr. 11, 2006).
Sims settled her discrimination suit with the Government in 1999, and she settled the attorney’s fees issue with the Government in 2003, as reflected in a contemporaneous order issued by Magistrate Judge Kay. Consistent with the 2003 agreement, the Government then paid the attorney’s fees as required. Realizing after the fact that the fees agreement would have less-than-ideal tax consequences — in part because it would not allow her to take advantage of a 2004 change in the tax law — Sims is now trying to say, in effect, that there was never a fees agreement. The District Court correctly rejected Sims’ claim as a blatant attempt to rewrite history. The District Court added that if Sims wanted to “create certain protections vis-á-vis tax liability,” she should have “bargained for such provisions during the settlement process or during the mediation before Magistrate Judge Kay.” Id. at *10.
Parties may not wriggle out of a contract simply because of subsequent tax law developments or because they failed to anticipate tax consequences when forming the agreement. Sims may have a problem with how her former or current attorneys advised her. But her settlement and fees agreements with the Government are binding, and her case against the Government is over. In my judgment, we do neither the parties nor our overburdened district courts any favors by further prolonging this decade-old case.